ORDER

The plea of guilty is accepted.
The recommendations in the
plea agreement are reserved
until the time of sentencing.

Eli Richardson
U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | CASE NO. 3:21-CR-00126 |
| v. | ) | |
| | ) | JUDGE RICHARDSON |
| | ) | |
| TONY L. JOHNSON | ) | |

## PLEA AGREEMENT

The United States of America, through Mark H. Wildasin, United States Attorney for the

Middle District of Tennessee, and Philip H. Wehby, Assistant United States Attorney, and

defendant, Tony L. Johnson, through defendant's counsel, MaryKathryn Harcombe, pursuant to

Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, have entered into an agreement, the

terms and conditions of which are as follows:

### Charges in This Case

1.      Defendant acknowledges that he has been charged in the Indictment in this case

with the following offenses: Count One – convicted felon in possession of a firearm, in violation

of Title 18, United States Code, Sections 922(g)(1) and 924; Count Two - possession with intent

to distribute a quantity of 3,4-Methylenedioxymethamphetamine (MDMA), a Schedule I

controlled substance, and a quantity of a mixture or substance containing a detectable amount of

methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code,

Section 841(a)(1)[1]; and Count Three – possession of a firearm in furtherance of a drug trafficking

crime, in violation of Title 18, United States Code, Section 924(c)(1)(A).

---

1   As set forth in the supporting factual basis for the defendant's guilty plea, the government notes
that the suspected MDMA tested negative for the presence of a controlled substance in a laboratory analysis.

## Penalties for Charged Offenses

2.      The parties understand and agree that the offenses with which defendant is charged carry the following maximum penalties: Count One - a maximum sentence of 10 years of imprisonment, a maximum fine of $250,000, and a period of supervised release of up to 3 years; Count Two - a maximum sentence of 20 years of imprisonment, a maximum fine of $1,000,000, and a period of supervised release of at least 3 years and up to life; and Count Three - a mandatory minimum sentence of 5 years and a maximum sentence of life, consecutive to any other sentence, a maximum fine of $250,000, and a period of supervised release of up to 5 years. Defendant further understands that he must pay a $100 special assessment fee for each count of conviction.

3.      However, with regard to Count One, if defendant is determined to have at least three previous convictions of either a violent felony or a serious drug offense, then defendant would be subject to a mandatory minimum term of 15 years imprisonment, pursuant to 18 U.S.C. § 924(e)(1) and up to five years supervised release.

4.      Defendant has read the charges against him contained in the Indictment. Those charges have been fully explained to him by his attorney.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charge to Which Defendant is Pleading Guilty

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count One of the Indictment, charging the offense set forth above. Should the defendant fully comply with the terms of this Agreement, the government will move to dismiss Counts Two and Three at the time of sentencing.

## Acknowledgements and Waivers Regarding Plea of Guilty
## Nature of Plea Agreement

2

6.      This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 3:21-CR-00126.

7.      Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

a.      If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

b.      If the trial were a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charges beyond a reasonable doubt; and that it must consider each count of the Indictment against defendant separately.

c.      If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

d.      At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn,

3

defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

   e. At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

  8. Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Factual Basis

  9. Defendant will plead guilty because he is in fact guilty of Count One of the Indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt as to that charge:

  On the afternoon of May 5, 2021, Metro Nashville Police Department (MNPD) detectives, who were conducting surveillance, attempted to arrest the defendant, Tony L. JOHNSON, on an outstanding warrant as he parked outside 420 Welshwood Drive, Nashville, Tennessee. JOHNSON was driving a 2005 Pontiac G6 that was registered to him at that address.

  When JOHNSON parked and exited his vehicle, MNPD Detective Jonathon Jones positively identified JOHNSON. Detective Jones approached in an unmarked MNPD vehicle, exited the vehicle wearing clearly marked police identifiers, and gave JOHNSON verbal commands to stop. JOHNSON, however, ignored the commands and immediately fled on foot through the interior hallway of the apartment building, past his apartment, out the side entrance, around the backside of several buildings, along a fence line, and onto Welshwood Road. While pursing JOHNSON on foot, Detective Jones observed that JOHNSON was carrying a black satchel bag.

  After exiting the side of the apartment hallway, Detective Jones located the black satchel bag on the ground, which had been discarded by JOHNSON. A search of the bag yielded several items, including the following: "club-style" photographs of JOHNSON; mail addressed to JOHNSON at that address; a baggie containing a crystal-like substance that field tested positive for methamphetamine and another baggie containing a light-colored powder that field tested positive for cocaine base.

4

Meanwhile, other MNPD detectives continued pursuing JOHNSON on foot near the intersection of Welshwood Road and Nolensville Pike. During the foot pursuit, those detectives observed JOHNSON toss a firearm, identified as a Smith & Wesson, Model SD40 VE, .40 S&W caliber pistol, and other items along the wood / fence line before being taken into custody. Once JOHNSON was in custody, detectives recovered a bag of light powder from his person, which field tested positive for cocaine base. Detectives then walked JOHNSON's flight path and recovered the referenced pistol, as well as an empty holster, which JOHNSON had thrown during the pursuit. The pistol was loaded with twelve (12) rounds of assorted .40 S&W caliber ammunition.

After being advised of his rights, JOHNSON made statements to detectives that he was addicted to heroin and that the contents of the bag that he had on his person was fentanyl, rather than cocaine. He further stated that he carried a pistol for protection because he had recently been shot.

Detectives obtained a search warrant for JOHNSON's apartment and the Pontiac sedan. During the subsequent search of the Pontiac, detectives recovered an additional bag of substance that field tested positive for MDMA. During the search of JOHNSON's residence, detectives located small amounts of marijuana, several pieces of mail / identity documents for JOHNSON, at least ten rounds of .380 caliber ammunition, and other items.

An ATF Interstate Nexus Expert determined that firearm recovered in this investigation is a firearm under federal law and was not manufactured in Tennessee, and therefore, at some point, traveled in and affected interstate commerce.

A review of JOHNSON's criminal history revealed that he is a previously convicted felon. That history shows that JOHNSON pleaded guilty to Aggravated Assault, Case No. 2012-C-2535, August 8, 2013, Davidson County Criminal Court, for which he received a sentence of 6 years; Attempted Aggravated Robbery, Case No. 2013-B-1429, August 8, 2013, Davidson County Criminal Court, for which he received a sentence of 6 years; Aggravated Robbery, Case No. 2013-B-1429, August 8, 2013, Davidson County Criminal Court, for which he received a sentence of 10 years; and Aggravated Kidnapping, Case No. 2013-B-1429, August 8, 2013, Davidson County Criminal Court, for which he received a sentence of 8 years. In total, JOHNSON received an effective 10-year sentence. As a result of these convictions, JOHNSON knew that he was a convicted felon at the time of his possession of the loaded firearm on May 5, 2021, and he was thus prohibited from possessing any firearms or ammunition.

The suspected controlled substances recovered in this investigation were sent to the DEA Crime Lab for weight and analysis. The baggie located in JOHNSON's pocket was determined to be approximately 5 grams of a mixture of fentanyl, methamphetamine, and cocaine. A baggie found inside the black bag discarded by JOHNSON was determined to be approximately 12 grams of methamphetamine. The other baggie of suspected MDMA recovered from JOHNSON's vehicle, which was the largest baggie recovered, was determined to be a non-controlled substance with a weight of approximately 40 grams.

All of the described events occurred in Davidson County, located within the Middle District of Tennessee.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty and to assess relevant conduct for purposes of the United States Sentencing Guidelines. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

10. The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective at the time of sentencing.

11. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant recommend to the Court, pursuant to Rule 11(c)(1)(B), the following Guidelines calculations:

## Sentencing Calculations

**i.     Offense Level.**

a.     The parties anticipate that the defendant's guideline range on Count One will be determined by USSG § 2K2.1. Pursuant to USSG § 2K2.1(a)(4), the defendant's base offense level will be 20 because he has a prior conviction for a qualifying crime of violence.

b.     Pursuant to USSG § 2K2.1(b)(6), the defendant will receive a four-level increase because the firearm was possessed in connection with a felony controlled-substance offense.

6

c.      Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

ii.      **Criminal History.**  The parties recommend that the defendant will be in Criminal History Category V.

iii.      **Recommended Guidelines Range**. Therefore, the parties agree to recommend to the Court a final offense level of 21 (the "Recommended Offense Level"). Defendant understands that the offense level as ultimately determined by the Court (the "court-determined offense level") may be different from the Recommended Offense Level. Defendant likewise understands that the guidelines range as ultimately determined by the Court (the "court-determined guidelines range") may be based on an offense level different from the Recommended Offense Level.

When combined with the anticipated Criminal History Category of V, the Recommended Offense Level would result in a recommended advisory sentencing range of 70-87 months' imprisonment and a fine range of $15,000 to $150,000 (the "Recommended Guidelines Range"). Defendant understands that the court-determined guidelines range may be different from the Recommended Guidelines Range.

iv. The parties agree that there is no basis for a departure from the court-determined guideline range, but the parties may raise § 3553(a) considerations in requesting their respective sentences.

v. Defendant is aware that the Recommended Guidelines Range is a prediction, not a promise, and is not binding on the Probation Office or the Court. Defendant understands that the Probation Office will conduct its own investigation and make its own recommendations, that the Court ultimately determines the facts and law relevant to sentencing, that the Court's determinations govern the final guidelines calculations, and that the Court determines both the final offense level and the final guidelines range. Accordingly, the validity of this agreement is not contingent upon the Probation Officer's or the Court's concurrence with the above calculations. In the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments, departures, or calculations different from those recommended above, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same. Defendant further acknowledges that if the Court does not accept the guidelines calculations of the parties, defendant will have no right to withdraw his guilty plea.

### Agreements Relating to Sentencing

12. The parties are free to recommend whatever sentence they deem to be appropriate.

13. It is understood by the parties that the Court is neither a party to nor bound by this Plea Agreement and, after consideration of the U.S.S.G., may impose the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

14. Defendant understands that any recommendation by the Court related to location of imprisonment is not binding on the Bureau of Prisons.

15.     Defendant agrees to pay the special assessment fee of $100 to the Clerk of the U.S. District Court.

### Abandonment of Property

16.     Defendant agrees that the firearm recovered in this case, identified as a Smith & Wesson, Model SD40 VE, .40 S&W caliber pistol, is evidence, contraband, or fruits of the crime for which he pleads guilty. As such, the defendant hereby abandons and relinquishes all claim, title, and interest to such property and cedes whatever interest he may have in such property to the United States with the understanding, acknowledgment, and agreement that the property may be destroyed or returned to the rightful owner without further proceedings.

### Presentence Investigation Report/Post-Sentence Supervision

17.     Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters.   The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

18.     Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer.  Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of

9

justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

19.     This Plea Agreement concerns criminal liability only.  Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity.  The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

## Entry of Guilty Plea

20.     The parties jointly request that the Court accept the defendant's plea of guilty as set forth in this agreement and enter an order reflecting the acceptance of the plea while reserving acceptance of this plea agreement until receipt of the pre-sentence report and sentencing.

## Waiver of Appellate Rights

21.     Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial.  Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed.  Acknowledging this, defendant knowingly waives the right to appeal any sentence within or below the recommended guideline range. Defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c)(2) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241.  However, no waiver of the right to

appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence within or above the recommended guideline range.

## Other Terms

22.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

23.     Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Agreement.

## Conclusion

24.     Defendant understands that the Indictment and plea agreement has been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

25.     Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

26.     Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

27.     No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

28.     <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending Indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 11·7·22

Tony L. Johnson, Defendant

29.     <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 11/7/2022

MaryKathryn Harcombe, Attorney for Defendant

Respectfully submitted,

MARK H. WILDASIN
United States Attorney

Philip H. Wehby
Assistant U.S. Attorney

_s/ Kathryn Risinger_
Kathryn Risinger
Deputy Chief, Organized Crime

12