# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. Tony L. Johnson                                      Docket No. 0650 3:21CR00126 - 1

**Petition for Action on Conditions of Pretrial Release**

COMES NOW Cody D. Sutton, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Tony L. Johnson who was placed under pretrial release supervision by the Honorable Jeffery S. Frensley, U.S. Magistrate Judge sitting in the Court at Nashville, Tennessee, on July 12, 2021, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Cody D. Sutton | Nashville, TN | January 3, 2023 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

**Next Scheduled Court Event**: Sentencing Hearing — March 31, 2023
**Event** — **Date**

## PETITIONING THE COURT

☐ No Action  
☒ To Issue a Warrant  
☐ To issue an order setting a hearing on the petition  
☐ Other

THE COURT ORDERS:
☐ No Action
☒ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
  (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☐ A Hearing on the Petition is set for

_____ _____
Date                          Time

Considered and ordered this 3rd day of January, 2023, and ordered filed and made a part of the records in the above case.

*Eli Richardson*
Honorable Eli J. Richardson
U.S. District Judge

Honorable Eli J. Richardson
U.S. District Judge
RE: Petition for Action on Tony Johnson
Docket. No.: 3:21-CR-126
January 3, 2023
Page 2

On May 27, 2021, the defendant, Tony Johnson, appeared before Your Honor, for an initial appearance hearing as a result of being charged with Felon in Possession of a Firearm and Possession with Intent to Distribute MDMA and Methamphetamine. The Government filed a motion for detention. On June 3, 2021, the defendant waived and reserved his right to a detention hearing.

On July 7, 2021, Your Honor ordered the defendant to be temporarily released to the Elam Mental Health Center in Nashville, Tennessee, to complete the dual diagnosis inpatient treatment program.

On July 12, 2021, the defendant appeared before Your Honor for a detention hearing. The defendant was released to pretrial supervision with other conditions.

On November 7, 2022, the defendant pled guilty to Count One of the Indictment. His sentencing is scheduled for March 31, 2023.

**Special Conditions of Pretrial Release:**

Please reference the attached Order Setting Conditions of Release.

**Alleged Violation:**

**Standard Condition (1): The defendant must not violate federal, state, or local law while on release.**

On December 24, 2022, the defendant was arrested by the Metropolitan Nashville Police Department for Assault, Domestic Bodily Injury. He was released from custody on December 25, 2022.

According to the affidavit, on December 11, 2022, officers were dispatched to the Waffle House located at 318 Harding Place in relation to a domestic disturbance between the alleged victim, Lauren Hale, an employee of the Waffle House, and her boyfriend, the defendant. The affidavit indicates that upon contact with Ms. Hale officers noticed swelling and cuts on both lips. A witness stated, and a video from the location confirmed the defendant came to the location, and after a verbal argument with the victim began to punch her. The defendant hit the victim multiple times in the face and on her body.

The defendant is scheduled to appear in court on this case on January 23, 2023.

On December 25, 2022, the defendant contacted Supervisory United States Probation Officer (SUSPO) Testa to report his arrest as directed by his conditions of release. The defendant reported he was released on a 12-hour hold, denied committing the alleged offense, and reported that he was mistakenly identified for Ms. Hale's ex-boyfriend. Mr. Johnson provided contact information for Ms. Hale.

Honorable Eli J. Richardson
U.S. District Judge
RE: Petition for Action on Tony Johnson
Docket. No.: 3:21-CR-126
January 3, 2023
Page 3

On December 26, 2022, SUSPO Testa made telephonic contact with the alleged victim, Lauren Hale. Ms. Hale reported that on the date of the incident, she and her ex-boyfriend, whose name she did not want to disclose, were involved in an argument, and her ex-boyfriend assaulted her. She reported after the incident, she contacted the defendant who traveled to her job. Ms. Hale stated she did not provide police officials with the events that occurred and noted that the defendant was mistakenly identified as her ex-boyfriend. Ms. Hale noted that when the defendant informed her of his arrest for the incident, she was "surprised," and she denied that the defendant had ever assaulted her. Ms. Hale reported that she has had contact with the District Attorney's Office, informed them that the defendant was mistakenly identified as the assailant, and reported she will testify on the defendant's behalf, if necessary, to ensure all charges against the defendant are dismissed.

On December 30, 2022, the defendant was arrested by a representative of the Mount Juliet Police Department for Tampering with Evidence, Possession of Drug Paraphernalia, Possession of a Schedule VI Controlled Substance for Resale, Possession of a Schedule II Controlled Substance for Resale, and Felony Evading Arrest.

According to the affidavits, on December 30, 2022, an officer with the Mount Juliet Police Department was on routine patrol when he observed a Mustang with a non-functional passenger headlight. The officer initiated a traffic stop, but the vehicle, which was being driven by the defendant, Tony Johnson, continued to drive west. The officer subsequently used the Public Address (PA) system and directed him to pull over at the parking lot of Popeye's Chicken. However, the defendant continued to drive through the parking lot of the Popeye's Chicken, traveled around the building's drive thru, and exited back on Lebanon Road. The officer again used the PA system and directed him to pull over, but he continued to disregard directives and the emergency equipment. The officer observed a small object thrown from the passenger side of the vehicle on Lebanon Road (which has not been recovered), and the vehicle continued to travel north, where the officer observed another item thrown out of the passenger window, which was recovered and later determined to be a black cupholder-style ashtray. The vehicle then began to make a U-turn, when the passenger of the vehicle, later identified as Lauren Hale, exited the vehicle and fled on foot. The vehicle then stopped, and the defendant was taken into custody. During a search of the defendant's person, the officer recovered approximately 6.4 grams of a white powdery substance, in a tied plastic bag and $1,010 in U.S. currency in his pockets. Upon approaching the vehicle, the officer smelled an odor associated with marijuana coming from the vehicle. During a search of the vehicle, the officer recovered a backpack on the back seat driver's side which contained an extra large Ziploc bag with 58.8 grams of a green leafy substance and two smaller tied plastic bags containing 52.7 grams and 19.1 grams of a green leafy substance, respectively. Also recovered from the backpack was a mason jar with approximately 25.3 grams of a green leafy substance, a rolling tray with green leafy substance residue, numerous small green and clear unused plastic Ziploc bags, a digital scale with green leafy substance residue on it, and five suspected marijuana vape pens (labeled "1,000 mg of the highest quality extract" and "this product contains cannabis)." In the center console of the vehicle, the officer recovered a glass pipe with white and black residue inside, and numerous small blue and green unused plastic Ziploc bags. Under *Miranda*, the defendant stated that the white powder substance was cocaine. He admitted he threw the ashtray

Honorable Eli J. Richardson
U.S. District Judge
RE: Petition for Action on Tony Johnson
Docket. No.: 3:21-CR-126
January 3, 2023
Page 4

containing a marijuana blunt that he was smoking while being pulled over (which was not recovered) out of the passenger side window.

As of this writing, the defendant remains in state custody on a $15,000 bond. He is scheduled to appear in court on this case on February 8, 2023.

**Special Condition 6(m): The defendant must not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.**

As detailed above, according to the affidavits in relation to the defendant's arrest by the Mount Juliet Police Department, on December 30, 2022, the defendant is alleged to be in the possession of 6.4 grams of a white powdery substance consistent with cocaine and a quantity of a green leafy substance consistent with marijuana. During post-arrest statements, the defendant stated to the arresting officer that the white powdery substance was cocaine.

**Special Condition 6(n): submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.**

The defendant failed to report for random urinalyses on November 16, 2022, and December 22, 2022.

The defendant is assigned to the probation office's formal drug testing call-in system. The defendant is required to call the system daily for notification of random urinalyses. A review of the drug testing line revealed that the defendant failed to call the system on November 15, 2022 and December 21, 2022, the dates that notified him to report for drug testing.

**Special Condition 6(r): Report as soon as possible, within 48 hours, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrest, questioning, or traffic stops.**

On December 19, 2022, the defendant was telephonically interviewed by Detective Sandefur of the Lebanon Police Department regarding an incident report filed on December 5, 2022, and the defendant did not report this law enforcement contact to Pretrial Services.

The incident report indicates the complainant reported that on December 5, 2022, the complainant was driving behind a blue Mustang that was driving slow and weaving lanes. She stated she changed lanes to pass him, and when she did, the driver of the vehicle rolled down the window and pointed a silver firearm at her. The complainant slowed down her vehicle and was able to obtain the tag number for the vehicle. A record check revealed the vehicle was registered to the defendant.

Honorable Eli J. Richardson
U.S. District Judge
RE: Petition for Action on Tony Johnson
Docket. No.: 3:21-CR-126
January 3, 2023
Page 5

On December 19, 2022, in the recorded telephonic interview with Detective Sandefur, the defendant stated that an individual almost "ran him off the road." He related that it was raining, and his vehicle drifted, and the individual swerved, almost ran him into the median, and blocked him from being able to turn where he was supposed to turn. The defendant stated he was upset, noting his son was in the vehicle, and when he got to the next light, he "cursed her out and told her to watch where she was going." The defendant reported that he wanted to exit the vehicle, but his passenger stopped him from doing so. The defendant reported the individual then followed closely behind him, and the passenger in his vehicle grabbed her phone and told the individual that she was going to contact police officials. The defendant denied possessing or displaying a firearm.

On December 29, 2022, SUSPO Testa questioned the defendant regarding the alleged incident and the reason he did not notify Pretrial Services of his questioning by law enforcement. The defendant reported the same events noted in his interview with law enforcement officials. The defendant specifically denied possessing or brandishing a firearm and stated he was unaware he had to report telephonic contact.

**Probation Officer's Actions:**

Throughout supervision, the importance of maintaining compliance with all of his conditions of release has been reiterated to the defendant. In addition, SUSPO Testa counseled the defendant that it is imperative to remain in compliance with all his conditions of pretrial release and reviewed his conditions of release with him.

**Compliance with Release Conditions:**

Petitions were previously submitted for the defendant being arrested for Public Intoxication and for the defendant submitting a urine sample on November 18, 2021, which tested positive for marijuana and fentanyl. Pretrial Services requested no action on both occasions, and the Court subsequently ordered no action.

The defendant reports as directed and has remained gainfully employed with Frontline Traffic Solutions. The defendant has submitted drug screens on January 21, 2022; March 11, 2022; and October 26, 2022, which tested negative for the presence of illicit substances. Additionally, the defendant actively participated in individual counseling at the Evelyn Frye Center from February 2022 to September 2022, when the defendant was successfully discharged from the Evelyn Frye Center due to the expiration of contracted services with the probation office. Mr. Johnson was subsequently referred to participate in treatment with Volunteer Behavioral Health and scheduled to attend a treatment session on January 17, 2023.

Honorable Eli J. Richardson
U.S. District Judge
RE: Petition for Action on Tony Johnson
Docket. No.: 3:21-CR-126
January 3, 2023
Page 6

**Respectfully Petitioning the Court as Follows:**

Based on the foregoing, Pretrial Services requests that a warrant be issued for the defendant's arrest, and he be brought before the court to address the above alleged violations.

Assistant U.S. Philip Wehby has been advised of the alleged violations.

Approved by:

*[signature]*

Andrea M. Testa
Supervisory U.S. Probation Officer

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | |
|---|---|
| United States of America ) | |
| ) | |
| v.  ) | Case No. 3:21-cr-00126 |
| ) | |
| Tony Johnson  ) | |
| *Defendant*  ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(3) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
*Place*

on _____
*Date and Time*

If blank, defendant will be notified of next appearance.

(4) The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(X) (5) The defendant is placed in the custody of:
Person or organization     Karen Matthews
Address *(only if above is an organization)*
City and state     Nashville, TN                                        Tel. No.

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____     _____
                                                Custodian                      Date

(x) (6) The defendant must:
- (x) (a) submit to supervision by and report for supervision to the Pretrial Services office as directed.
- (x) (b) continue or actively seek employment.
- ( ) (c) continue or start an education program.
- ( ) (d) surrender any passport to: the United States District Court Clerk
- ( ) (e) not obtain a passport or other international travel document.
- (x) (f) abide by the following restrictions on personal association, residence, or travel: only within the Middle District of Tennessee unless pre-approved by Pretrial Services.
- ( ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____
- (x) (h) get medical or psychiatric treatment: as determined by Pretrial Services if deemed appropriate.
- ( ) (i) return to custody each_____ at_____ o'clock after being released at_____ o'clock for employment, schooling, or the following purposes: _____
- ( ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers x.
- (x) (k) not possess a firearm, destructive device, or other weapon.
- (x) (l) not use alcohol ( ) at all (x) excessively.
- (x) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- (x) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
- (x) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
- ( ) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
  - ( ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
  - ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
  - ( ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.
- ( ) (q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
  - ( ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.
- (x) (r) report as soon as possible within 48 hours, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
- (x) (s) shall permit Pretrial Services Officer to visit you at home or elsewhere at any time, and allow Pretrial Services Officer to confiscate any contraband in plain view.

X participate in inpatient dual treatment at Elam Center beginning on July 15, 2021, then reside with third party custodian.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

### Directions to the United States Marshal

[X] The defendant is ORDERED released after processing.
(  ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 7/12/2021

_____
*Judicial Officer's Signature*

United States Magistrate Judge Jeffery S. Frensley
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL